# NANESS, CHAIET & NANESS, LLC

Attorneys at Law
375 North Broadway, Suite 202
Jericho, New York 11753
Telephone: (516) 827-4300
Facsimile: (516) 827-0202

Richard M. Naness
Clifford P. Chaiet
Jeffrey N. Naness*
W. Matthew Groh**

*Also admitted FL and NJ                                    December 17, 2013
**Also admitted in CT
<u>VIA ECF</u>
Hon. Judge Gary R. Brown
United State Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, room 840
Central Islip, NY 11722

Re:    Dilonez v. Fox Linen Service, Inc. and George Sundel
       <u>Case No. 13-CV-0845</u>

Dear Judge Brown:

    This firm is counsel to Defendants Fox Linen Service, Inc. (Fox Linen) and George Sundel (Sundel) in the above action. This letter constitutes a letter motion to compel Plaintiff (and opt-in plaintiffs) to provide tax returns from 2007 to date. As discussed more fully below, in accordance with your honor's Individual Practice Rule II.B, Local Civil Rule 26.4 and FRCP 37(a)(1), I hereby certify that I have conferred with Plaintiff's Counsel in a good faith effort to resolve the dispute without Court action.

    By way of background, the central claim in this action is that Defendants failed to pay Plaintiff (and other employees) overtime to which they are owed. Plaintiff alleges that he was paid straight time in cash for hours worked over forty. Defendant disputes this claim and asserts that Plaintiff was paid via payroll check for all hours worked, and he did not work over 40 hours in a workweek.[1]

    Defendant has requested that Plaintiff provide tax returns covering the time period he worked for Fox Linen. The basis for this request is as follows: If Plaintiff's allegation is true, the cash wages Fox Linen allegedly paid to Plaintiff should be reflected in his income tax returns. If the wages are referenced in Plaintiff's returns, this would buttress his case that he was paid straight time (in cash) for hours worked over 40. On the other hand, if the claimed cash payments were not reported on Plaintiff's tax returns, this would undermine Plaintiff's case. Accordingly, Defendants respectfully assert that Plaintiff's tax returns are directly relevant to Plaintiff's theory in this case.

---

[1] As a courtesy to its employees, upon their request, Fox Linen cashed employees' payroll checks.

# Naness, Chaiet & Naness, LLC

In Defendants' First Request for Documents, dated June 14, 2013, Defendants made the following request:

Request No. 2:

Plaintiff's federal, state and local tax returns with all schedules and attachments, including W-2s and 1099s from all sources, for each calendar year from 2006 through 2012, and for calendar year 2012 if already filed and if not yet filed, this is a continuing request for 2012 tax returns.

(Ex. "A")

Plaintiff refused to provide his tax returns (instead only providing W-2 statements) based on the assertion that the request sought "confidential and/or proprietary information, documents or responses." (See Ex. "B", Plaintiff's Responses And Objections to Defendants' First Request for Production of Documents", dated July 29, 2013). Plaintiff did not specify the nature of the "confidential and/or proprietary information".

In response to Plaintiff's refusal to provide his tax records, this office sent Plaintiff's counsel a letter, dated August 8, 2013, re-stating its demand that Plaintiff provide the requested returns (Ex. "C"). Plaintiff's counsel responded via a letter dated August 22, 2013, wherein it reiterated its refusal to provide Plaintiff's tax returns (Ex. "D").

Plaintiffs also refused to provide responses to Defendant Fox Linen Service, Inc's Second Set Of Interrogatories, dated July 29, 2013, which made the following inquiry:

Interrogatory No. 2:

If Plaintiff is alleging any Defendant paid him wages in cash, did Plaintiff pay any taxes on those wages? If so, set forth the amounts of taxes paid by Plaintiff for each cash wage payment and identify the taxing authority to whom each payment was made.

(Ex. "E").

Rather than providing a substantive response to the above interrogatory, Plaintiff responded, via its Responses and Objections to Defendants' Second Set of Interrogatories, dated September 26, 2013, as follows:

Response to Interrogatory No. 2:

Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad and unduly burdensome, Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Defendant's Interrogatories insofar as they seek the disclosure of

# NANESS, CHAIET & NANESS, LLC

confidential and/or proprietary information documents or responses.

(Ex. "F").

By letter, dated December 6, 2013, this office reiterated its request for the returns and agreed to discuss redacting any confidential information contained in the returns (Ex. "G"). Thereafter, on December 16, 2013, I conferred with Plaintiff's counsel. We were unable to reach agreement on this issue.

In Plaintiff counsel's August 22, 2013 letter, she cited a number of cases for the proposition that tax returns may be withheld where alternatives sources of income are available. Plaintiff's position may have some merit if the only issue in controversy was Plaintiff's income from other sources. If this were the case, an argument could be made that Plaintiff's W-2's and W-9's from other entities should be sufficient.

But, in this case, the issue is whether Plaintiff was paid straight time in cash for hours worked over 40. In this case, Plaintiff's tax returns are directly relevant. If such payments were in fact made, as Plaintiff alleges, the payments should be reflected in Plaintiff's tax returns.

Although there do not appear to be any cases on point in the Second Circuit, courts in other circuits had compelled FLSA plaintiffs to provide tax returns in analogous situations. For example, District Courts in Texas and Indiana have compelled plaintiffs in FLSA cases to disclose tax returns where there was an issue whether the plaintiff was an employee or an independent contractor (or, alternatively, admit they did not file as employees). Rafeedie v. L.L.C, Inc., __F. Supp.2d. __, 2011 WL 535286, at*2 (W.D. Tex. 2011)(compelling disclosure of tax returns to determine whether plaintiff filed as an independent contractor); see also In re Fedex Ground Package Sys., __ F. Supp.2d. __, 2010 WL 99067, at *6-7 (where plaintiff admitted he filed his tax returns as an independent contractor, this obviated the need to provide tax returns).

It is respectfully Plaintiff should be compelled to produce his complete tax returns since 2007.[2]

Thank you for your courtesy and consideration in connection with this matter.

Very truly yours,

Jeffrey N. Naness

---

[2] In the alternative, Plaintiff (and each opt-in) may submit a sworn notarized statement that he/she did not report any cash payments from Fox Linen on his/her federal or state tax returns during any of the years he/she worked for Fox Linen.

# Exhibit
# A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGEL DILONEZ, et al

                **Plaintiffs**

        **-against-**

FOX LINEN SERVICE, INC. and GEORGE
SUNDEL

               **Defendants.**
-----------------------------------------------------------------X

Index No. CV-13-0845(JS)(GRB)

**DEFENDANTS' FIRST
REQUEST FOR THE
PRODUCTION OF
DOCUMENTS TO
PLAINTIFF**

       Pursuant to Fed. R. Civ. P. 34, Defendants, Fox Linen Service, Inc. and George Sundel,

request Plaintiff to produce for inspection and copying the documents described below within

thirty (30) days of service of this Request.  Defendant requests that the documents be produced at

the Offices of its counsel, Naness, Chaiet & Naness, L.L.C., 375 North Broadway, Suite 202,

Jericho, New York 11753.

## DEFINITIONS AND INSTRUCTIONS

1.     The term "documents" as used in this request for production of documents, means: all written, typewritten, printed or recorded matter, and/or electronic data (however produced, reproduced, or stored) of every kind and description, regardless of format or location, in the actual or constructive possession, custody, care, or control of any party or agent of such party called upon to produce documents pursuant to this request, including, but not limited to, the following:  notes, memoranda, letters, agreements, contracts, files, summaries, word processing files, spreadsheet files, emails, diaries, telegrams, accounting or financial records or worksheets, transcripts or notes of conversations, statements, resolutions, directives, cost projections or analysis, papers filed in court, and legal instruments such as, but not limited to, insurance contracts, books, articles, treatises, all copies of such materials, whether in proposed or final form, all drafts of such documents, even if not used, all copies of such documents containing additional matter, and all other documents within the meaning of Fed. R. Civ. P. 34.  In any case where the original or non-identical copy is not available, the term "documents" includes an identical copy of an original or a copy of non-identical copy.  Any documents bearing notations, markings, or writings of any kind different from the original shall be treated as an original document.

2.     If any document is responsive to a request for production and was, but is no longer, in your possession or custody or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

3.     The use of "or," "and," "and/or" "each," "every," "any," and "all," shall be construed to bring within the scope of the request for production any information that might

2

otherwise be construed, because of the use of one of those words, to be outside the scope of the request.

4.    "Relating to" or "referring to" or any forms of these words shall be construed as containing, embodying, mentioning, evidencing, stating, discussing, constituting, reflecting, describing, showing, concerning, consisting of, making reference to, or having any connection with the topic specified.

5.    The singular includes the plural and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by such change of tense.

6.    If you withhold any document covered by these requests because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

7.    If any request asks for documents that are no longer in existence, identify each request and, with respect thereto:

    (a)    identify all such documents;

    (b)    state the time period during which such documents were maintained;

    (c)    state the circumstances under which such documents ceased to exist;

    (d)    state the date when such documents ceased to exist;

    (e)    identify all persons who have knowledge of the circumstances under which such documents ceased to exist; and

    (f)    identify all persons who have knowledge or had knowledge of the documents and the contents thereof.

3

8.      If, at any time subsequent to production of the documents requested herein, any document responsive to these requests is located or comes within your custody, possession, or control, Defendant requests that it be produced for inspection and copying.

9.      Unless otherwise stated, the time period for all of these requests shall be from January 1, 2006 to the commencement of trial.

## DOCUMENT REQUESTS

Request No. 1:

All documents identified and/or described in response to Defendant Fox Linen Service, Inc.'s First Set of Interrogatories to Plaintiff, served contemporaneously with this Request.

Request No. 2:

Plaintiff's federal, state and local tax return with all schedules and attachments, including W-2s and 1099s from all sources, for each calendar year from 2006 through 2012, and for calendar year 2012 if already filed and if not yet filed, this is a continuing request for 2012 tax returns.

Request No. 3:

All correspondence between Plaintiff and any current or former employees, officials, agents, contractors, representatives, or franchisees of the Defendants.

Request No. 4:

All documents concerning payment by or on behalf of any of Defendants to Plaintiff for services rendered or for reimbursement of expenses.

Request No. 5:

4

All documents describing Plaintiff's work duties for any of Defendants, including all documents the Defendants issued which Plaintiff alleges prescribe the methods, manner and means by which Plaintiff was to perform his work.

Request No. 6:

All documents reflecting any terms or conditions of Plaintiff's work for any Defendant.

Request No. 7:

All documents reflecting the daily and weekly time Plaintiff alleged he commenced and concluded work for Defendants, including but not limited to electronic and/or physical calendars, notes, diaries and journals.

Request No. 8:

All documents reflecting the number of daily and/or weekly hours Plaintiff alleges he worked for Defendants, including any electronic and/or physical calendars, datebooks, schedules, diaries, journals, agendas, notebooks or any other document Plaintiff used to record how his days were spent.

Request No. 9:

All documents reflecting any work Plaintiff performed for any person or entity other than Defendants from January 2006 to the present.

Request No. 10:

All documents reflecting the number of daily and/or weekly hours Plaintiff worked or performed services for any other person or entity other than Defendants.

Request No. 11:

All documents reflecting any work Plaintiff performed for Defendants.

Request No. 12:

All documents reflecting the length of Plaintiff's daily breaks and meal periods on days that he performed any services for Defendants.

Request No. 13:

All documents reflecting time Plaintiff spend while not actively performing work for any Defendant.

Request No. 14:

All documents that record or compile Plaintiff's mobile phone records and PDA, including records of the date and time of all outgoing and incoming calls, emails and text messages.

Request No. 15:

All documents concerning praise and/or criticism of Plaintiff or his work by any person.

Request No. 16:

All documents concerning any questions, comments, complaints or grievances (whether formal or informal, oral or written) made by Plaintiff to any agents, employees, or representatives of Defendants on any subject, including anything related to his compensation, hours of work, failure to be paid overtime or failure to be paid all wages he alleges he earned.

Request No. 17:

All documents concerning Plaintiff's allegation that he regularly worked as many as twelve (12) hours in each day without a meal break.

Request No. 18:

All documents concerning Plaintiff's allegation that he regularly worked between forty-five (45) and eighty (80) hours each work week.

6

Request No. 19:

All documents concerning Plaintiff's allegation that Defendants failed to pay him for all hours worked.

Request No. 20:

All documents concerning Plaintiff's allegation that Plaintiff worked "overtime" for Defendants.

Request No. 21:

All documents supporting, or refuting, or concerning the allegations in the Complaint.

Request No. 22:

All documents, except for communications or agreements with Plaintiff's attorneys, concerning any communication or agreement between Plaintiff and any other person concerning this lawsuit, including the facts underlying this lawsuit, or the assertion of claims against Defendants, or any alleged unlawful conduct by Defendants.

Request No. 23:

All of Plaintiff's resumes and applications for work with Defendants or any other person or entity, including any posting made or profiles posted on any career or job website, including any resumes submitted to any employment agency or job search consultant.

Request No. 24:

All audio or video recordings and copies of transcripts of recordings of conversations between Plaintiff and any past or current officer, employee, representative, franchisee or agent of the Defendants.

Request No. 25:

All written statements and documents or any affidavits, declarations or notes of oral statements made by Plaintiff relating to any claims in this lawsuit.

Request No. 26:

All statements and documents concerning oral or written statements made by any person, except for Plaintiff's attorneys, relating to any claims made by Plaintiff in this lawsuit.

Request No. 27:

Any documents containing hand written notes on payroll stubs.

Request No. 28:

Any documents relating to the allegation the Defendant paid the employee additional amounts beyond that set forth in his paycheck.

Request No. 29:

Documents relating to transportation taken to or from Defendant's worksite, including train ticket stubs and receipts.

Request No. 30:

Documents relating to absences from work, including documents relating to travel out of the country and absences for medical reasons.

Dated: Jericho, New York
      June 14, 2013

NANESS, CHAIET & NANESS, LLC

By: _____
      Jeffrey N. Naness (JN3179)
      375 North Broadway, Suite 202
      Jericho, New York 11753
      Phone: (516) 827-4300
      *Attorneys for Defendants*

To: Peter A Romero (PR1658)
    Frank & Associates
    500 Bi-County Blvd., 112N
    Farmingdale, NY 11735
    Tel:  (631) 756-0400
    Fax:  (631) 756-0547

# Exhibit
# B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANGEL DILONEZ, and all other non-exempt
employees similarly situated,

                               Plaintiff,

                -against-

FOX LINEN SERVICE INC.  and
GEORGE SUNDEL,

                        Defendants.

-------------------------------------------------------------X

Case No.: 13-CV-0845(JS)(GRB)

**Plaintiff's Responses and**
**Objections to Defendants' First**
**Request for Production**
**of Documents**

      Plaintiff, Angel Dilonez, (hereinafter "Plaintiff") by and through his attorneys FRANK & ASSOCIATES, P.C., hereby responds to Defendant's First Requests for Production of Documents (the "Document Requests"), as follows:

## GENERAL STATEMENTS

      By making information and/or documents available to Defendant in response to Defendant's Document Requests, Plaintiff does not waive and does not intend to waive, any objections that Plaintiff may have regarding the use of the information and/or documents or of the truth or accuracy of any characterization contained therein.

      Plaintiff expressly reserves: (1) all objections regarding the competency, privilege, relevance, materiality and admissibility of all information and/or documents and information produced and the contents thereof; (2) the right to object to the use of any document(s) and information produced, in whole or in part, or to the subject matter covered thereby in any later stage or proceeding in this litigation or any other proceeding on any or all the grounds set forth herein; (3) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or relating to the subject matter of any document or information produced by Plaintiff; and (4) all objections as to vagueness and ambiguity.  Furthermore, where a Document Request seeks to impose on Plaintiff obligations broader than those imposed by the Federal Rules of Civil Procedure (hereinafter "FRCP"), Plaintiff shall respond in conformance with the FRCP.  Privileged documents and information responsive to a particular Document Request, if any such information and/or documents exist, are not being produced, and will be identified consistent with the FRCP.

      Plaintiff has been assisted in the preparation of responses and objections to Defendant's Document Requests by counsel.  Accordingly, the word usage and sentence structure of

Plaintiff's responses and objections may be that of the individual attorney who assisted in their preparation, and no representation is made that these objections and responses contain the precise language of the executing party. Moreover, this information may not be used for purposes of impeachment as privilege has attached. Plaintiff's responses are based upon information and documents known to Plaintiff and/or Plaintiff's attorneys as of the date such responses are served. Plaintiff, based on her on-going obligation to seek truth and justice, will continue to search for relevant documents and information, and accordingly, reserves the right to supplement, amend or correct the responses and objections in the event that future discovery reveals documents and/or information that would justify its supplementation, correction and amendment. Should Plaintiff at any time amend or supplement the responses, by agreement or otherwise, Plaintiff reserves the right to assert any available privilege or objection with respect to any information or documents which might otherwise be discoverable in connection with any amendment or supplementation.

## GENERAL OBJECTIONS

Plaintiff submits the following General Objections, which apply to each and every one of Defendant's Document Requests. For convenience, these General Objections are set forth below and are not necessarily repeated after each Document Request. The assertion of the same, similar or additional answers or responses in the specific answers to Defendant's Document Requests does not waive any of Plaintiff's General Objections as set forth below:

1.  Plaintiff reserves the right to challenge the competency, relevance and admissibility, at trial or any subsequent proceeding, in this or any other action, of any statement made or information provided in response to Defendant's Document Requests.

2.  Plaintiff objects to Defendant's Document Requests insofar as they seek to impose upon Plaintiff obligations greater than those required by FRCP.

3.  Plaintiff objects to Defendant's Document Requests insofar as they are directed to or made on behalf of entities or persons who are not parties to this litigation.

4.  Plaintiff objects to Defendant's Document Requests insofar as they attempt to elicit protected documents or information subject to the attorney-client privilege; the work product doctrine; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Plaintiff or her attorneys; or seek materials prepared in anticipation of litigation. Plaintiff asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law or applicable rules and future Orders by the Court herein.

5.  Plaintiff objects to Defendant's Document Requests to the extent they seek documents or information not within the possession, custody or control of Plaintiff.

6.   Plaintiff objects to Defendant's Document Requests insofar as they seek documents or information, which is within Defendant's exclusive custody, control and possession, or to which Defendant has equal access.

7.   Plaintiff objects to Defendant's Document Requests insofar as they are vague, ambiguous, overbroad, unduly burdensome, oppressive or vexatious and seek documents and/or information outside the scope of permissible discovery pursuant to the FRCP.

8.   Plaintiff objects to Defendant's Document Requests to the extent they are unlimited in time or otherwise not limited to a time frame relevant to this litigation on the grounds that each such Document Request seeks information and/or documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to each such Document Request as overbroad and unduly burdensome.

9.   Plaintiff objects to Defendant's Document Requests insofar as they seek the disclosure of confidential and/or proprietary information, documents or responses.

10.   Plaintiff has based her objections and responses to these Document Requests on information currently available to Plaintiff, and reserves the right to amend objections and responses to include information and documents which may be obtained through ongoing discovery and investigation, in accordance with the FRCP.

11.   The foregoing General Objections are incorporated by reference within each of the following responses and objections.  Responses to specific Document Requests are made subject to and without waiving these General Objections, whether or not specifically reiterated in the responses themselves.

12.   Plaintiff reserves the right to supplement, amend or correct her responses in the event of the development or availability of additional, responsive, non-privileged information to the extent such supplementation, correction or amendment is warranted, pursuant to the FRCP.

## DEFINITIONS

1.   As used herein, objections containing the phrase "seeks the discovery of irrelevant information or documents" or words to that effect means that the Document Request seeks information or documents (1) having no tendency to make the existence of any fact or consequences to the determination of the instant case more or less probable than it would be without such information or documents; and (2) which do not appear to be reasonably calculated to lead to the discovery of admissible evidence.

2.   As used herein, "unduly burdensome" means that the Document Request requires a search for documents which are of little or no benefit to this action in that the value of their production is far outweighed by the burden of producing them, especially where Defendant can obtain the information or documents from other sources.

3.   As used herein, "overbroad" means that the Document Request requires production, at least in part, of information and/or documents which are irrelevant to the instant litigation in subject matter or time period or both.

4.   As used herein, "vague" means that Plaintiff is unable to ascertain with certainty what information or documents are being requested.

5.   "Plaintiff" means the Plaintiff in this action, Angel Dilonez, as well as his agents, or any other person or entity acting on her behalf or with her knowledge and/or authorization.

6.   "Defendant" means Fox Linen Service, Inc, and George Sundel, as well as their affiliated companies, including but not limited to their officers, directors, agents or employees.

## RESPONSES AND OBJECTIONS

**Request No. 1:**
All documents identified and/or described in response to Defendants Fox Linen Service, Inc.'s First Set of Interrogatories to Plaintiff, served contemporaneously with this Request.

**PLAINTIFF'S RESPONSE:**
Responsive documents are produced herewith.

**Request No. 2:**
Plaintiff's federal, state and local tax return with all schedules and attachments, including W-2s and 1099s from all sources, for each calendar year from 2006 through 2012, and for calendar year 2012 if already filed and if not yet filed, this is a continuing request for 2012 tax returns.

**PLAINTIFF'S RESPONSE:**
Plaintiff objects to Defendant's Document Requests insofar as they seek the disclosure of confidential and/or proprietary information, documents or responses. Subject to, and without waiving the foregoing general and specific objections, Plaintiff refers Defendant to the W-2 forms produced herewith.

**Request No. 3:**
All correspondence between Plaintiff and any current or former employees, officials, agents, contractors, representatives, or franchisees of the Defendants.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 4:**
All documents concerning payment by or on behalf of any of Defendants to Plaintiff for services rendered or for reimbursement of expenses.

**PLAINTIFF'S RESPONSE:**
Responsive documents are produced herewith.

**Request No. 5:**

All documents describing Plaintiff's work duties for any Defendants, including all documents the Defendants issued which Plaintiff alleges prescribe the methods, manner and means by which Plaintiff was to perform his work.

**PLAINTIFF'S RESPONSE:**

Plaintiff is not in possession of any documents responsive to this request.

**Request No. 6:**

All documents reflecting any terms or conditions of Plaintiff's work for any Defendant.

**PLAINTIFF'S RESPONSE:**

Plaintiff is not in possession of any documents responsive to this request.

**Request No. 7:**

All documents reflecting the daily and weekly time Plaintiff alleged he commenced and concluded work for Defendants, including but not limited to electronic and/or physical calendars, notes, diaries and journals.

**PLAINTIFF'S RESPONSE:**

Plaintiff is not in possession of any documents responsive to this request.

**Request No. 8:**

All documents reflecting the number of daily and/or weekly hours Plaintiff alleges he worked for Defendants, including any electronic and/or physical calendars, datebooks, schedules, diaries, journals, agendas, notebooks or any other document Plaintiff used to record how his days were spent.

**PLAINTIFF'S RESPONSE:**

Plaintiff is not in possession of any documents responsive to this request.

**Request No.9:**

All documents reflecting any work Plaintiff performed for any person or entity other than Defendants from January 2006 to Present.

**PLAINTIFF'S RESPONSE:**

Plaintiff is not in possession of any documents responsive to this request.

**Request No. 10:**

All documents reflecting the number of daily and/or weekly hours Plaintiff worked or performed services for any other person or entity other than Defendants.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 11:**
All documents reflecting any work Plaintiff performed for Defendants.

**Request No. 12:**
All documents reflecting the length of Plaintiff's daily breaks and meal periods on days that he performed any services for Defendants.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 13:**
All documents reflecting time Plaintiff spend while not actively performing work for any Defendant.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 14:**
All documents that record or compile Plaintiff's mobile phone records and PDA, including records of the date and time of all outgoing and incoming calls, emails and text messages.

**PLAINTIFF'S RESPONSE:**
Plaintiff objects to Defendant's request on the grounds that it seeks information and/or documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead the discovery of admissible evidence.  Plaintiff objects to this document request on the grounds that it is vague, overbroad and unduly burdensome.  Subject to, and without waiving the foregoing general and specific objections, Plaintiff is not in possession of any documents responsive to this request.

**Request No. 15:**
All documents concerning praise and/or criticism of Plaintiff or his work by any person.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 16:**
All documents concerning any questions, comments, complaints, or grievances (whether formal or informal, oral or written) made by Plaintiff to any agents, employees, or representatives of Defendants on any subject, including anything related to his compensations, hours of work, failure to be paid overtime or failure to be paid all wages he alleges he earned.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 17:**
All documents concerning Plaintiff's allegations that he regularly worked as many as twelve (12) hours in each day without a meal break.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 18:**
All documents concerning Plaintiff's allegation the he regularly worked between forty-five (45) and eighty (80) hours each work week.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 19:**
All documents concerning Plaintiff's allegations the Defendant failed to pay him for all hours worked.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 20:**
All documents concerning Plaintiff's allegation that Plaintiff worked "overtime" for Defendants.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 21:**
All documents supporting, or refuting, or concerning the allegations in the Complaint.

**PLAINTIFF'S RESPONSE:**
Responsive documents are produced herewith.

**Request No. 22:**
All documents, except for communications or agreements with Plaintiff's attorneys, concerning any communication or agreement between Plaintiff and any other person concerning the lawsuit, including the facts underlying this lawsuit, or the assertion of claims against Defendants, or any alleged unlawful conduct by Defendants.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 23:**
All of Plaintiff's resumes and application for work with Defendants or any other person or entity, including any position made or profiles posted on any career or job website, including any resumes submitted to any employment agency or job search consultant.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 24:**
All audio or video recordings and copies of transcripts of recordings of conversations between Plaintiff and any past or current officer, employee, representative, franchise or agent of Defendants.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 25:**
All written statements and documents or any affidavits, declarations or notes of oral statements made by Plaintiff relating to any claims in this lawsuit.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 26:**
All statements and documents concerning oral or written statements made by any person, except for Plaintiff's attorneys, relating to any claims made by Plaintiff in this lawsuit.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 27:**
Any documents containing hand written notes on payroll stubs.

**PLAINTIFF'S RESPONSE:**
Responsive documents are produced herewith.

**Request No. 28:**
Any documents relating to the allegation the Defendant paid the employee additional amounts beyond that set forth in this paycheck.

**PLAINTIFF'S RESPONSE:**
Responsive documents are produced herewith.

**Request No. 29:**
Documents relating to transportation taken to or from Defendant's worksite, including train ticket stubs and receipts.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

**Request No. 30:**
Documents relating to absences from work, including documents relating to travel out of the country and absences for medical reasons.

**PLAINTIFF'S RESPONSE:**
Plaintiff is not in possession of any documents responsive to this request.

Dated: Farmingdale, New York
       July 29, 2013

                                        Respectfully submitted,

                                        **FRANK & ASSOCIATES, P.C.**
                                        *Attorneys for Plaintiff*

                                        By: _____
                                        Andrea E. Batres, Esq.
                                        500 Bi-County Blvd., Suite 112N
                                        Farmingdale, New York 11735
                                        abatres@laborlaws.com
                                        Tel: (631) 756-0400
                                        Fax: (631) 756-0547

## AFFIRMATION OF SERVICE

UNITED STATES DISTRICT COURT        )
                                    )
EASTERN DISTRICT OF NEW YORK        )

     Andrea E. Batres, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

     I am an Associate with the law firm of **FRANK & ASSOCIATES, P.C.**, attorneys for Plaintiff herein.

     On July 31, 2013, I served a true copy of Plaintiff's Responses and Objections to Defendant's First Requests for Production of Documents by mailing same in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, addressed to Defendant's Attorneys, as indicated below:

Mr. Jeffrey Naness
Naness, Chaiet & Naness, LLC
Attorneys for Defendants
375 North Broadway, Suite 202
Jericho, New York 11753

                                    _____

                                      Andrea E. Batres, Esq.

# Exhibit
# C

# Naness, Chaiet & Naness, LLC

Attorneys at Law
375 North Broadway, Suite 202
Jericho, New York 11753

Telephone: (516) 827-4300
Facsimile: (516) 827-0202

Richard M. Naness
Clifford P. Chaiet
Jeffrey N. Naness*

———
W. Matthew Groh**

———
*Also admitted FL and NJ
**Also admitted in CT

August 8, 2013

Andrea E. Batres
Frank & Associates, P.C.
500 Bi-County Boulevard
Suite 112N
Farmingdale, NY 11735

Re:    Dilonez v. Fox Linen Service, Inc. and George Sundel
       Index No. 13-CV-0845

Dear Mr. Batres:

I am in receipt of Plaintiff's Responses and Objections to Defendants' First Request for Production of Documents and Plaintiffs' Responses and Objections to Defendants' First set of Interrogatories.

With regard to Plaintiff's response to Request No. 2 in his Responses and Objections to Defendants' First Request for Production of Documents, Plaintiff has refused to provide Defendant with Plaintiff's tax returns. These documents should show other compensation for other employers/entities during the time period Plaintiff claims to have been performing overtime. In addition, to the extent Plaintiff is claiming that he received payments from Defendant separate form regular payroll, these payments should be reflected in Plaintiff's tax returns. Plaintiff does not offer any support for the claim that these filed tax returns contain such proprietary information that they are not subject to disclosure (if specific irrelevant information needs to be redacted, Defendant would consider that). Defendant, therefore, reiterates its demands that Plaintiff provide these returns.

With regard to Plaintiff's Response to Interrogatory numbers 2 and 9, Plaintiff refuses to disclose other persons/entities who employed Plaintiff (or to whom he

# Naness, Chaiet & Naness, LLC

otherwise provided services for compensation as an independent contractor or otherwise). The relevant time period is the six year period prior to the filing of the Complaint up to his date of termination. This information is directly relevant to Plaintiff's claim that he worked substantial overtime hours for Defendant as there is good reason to believe that Plaintiff was, in fact, working for other persons/entities during the time he claims to have been performing overtime work for Defendants.

Kindly produce the requested information and please follow up to confirm a date for Plaintiff's deposition.

Very truly yours,

Jeffrey N. Naness

# Exhibit
# D

# F&A FRANK & ASSOCIATES, P.C.
THE WORKPLACE LAW FIRM

NEIL M. FRANK, ESQ.
PETER A. ROMERO, ESQ.

August 22, 2013

**VIA EMAIL and FIRST CLASS MAIL**

Mr. Jeffrey Naness
Naness, Chaiet & Naness, LLC
Attorneys for Defendants
375 North Broadway, Suite 202
Jericho, New York 11753

Re:   Dilonez, Angel vs. Fox Linen Service, Inc. and George Sundel, 13-CV-0845

Dear Mr. Naness,

We write in response to your letter dated August 8, 2013. Plaintiff makes the following responses to each demand.

Document Request No. 2. Plaintiff will produce W-2's for the years employed by Defendant in his possession. We object to the production of Plaintiff's tax returns as Courts have repeatedly refused to order the disclosure of tax returns when alternative sources of income are available, such as W-2 information. See Gates v. Wilkinson, No. 03-CV-763 (GLS) (DRH), 2005 WL 758793, at *2 (N.D.N.Y. Apr. 5, 2005) ("[I]f the information contained in a tax return is otherwise available to a party from other sources, compelled production should be denied"); see also Samide v. Roman Catholic Diocese of Brooklyn, 5 A.D.3d 463, 465, 773 N.Y.S. 2d 116, 118 (2d Dept. 2004); Abbene v. Griffin, 208 A.D.2d 483, 616 N.Y.S.2d 1015 (2d Dept. 1994); Corporate Interiors v. Pappas, 293 A.D.2d 640, 740 N.Y.S.2d 648 (2d Dept. 2002); Walter Karl, Inc v. Wood, 161 A.D.2d 704, 555 N.Y.S.2d 840 (2d Dept. 1990).

Additionally, Enclosed please find additional documents in response to Defendant's First Request for the Production of Documents (Bates No. 135-139).

Interrogatory No. 2:  Plaintiff refers Defendant to its prior answer to this interrogatory.

Interrogatory No. 9:  Plaintiff refers Defendant to its prior answer to this interrogatory. Subject to and without waiving any general and specific objections in Plaintiff's Responses and Objections to Defendant's First Interrogatories to Plaintiff Angel Dilonez, Plaintiff additionally states he was employed at Danfords Hotel and Marina for a limited time period in 2007. For additional information, Plaintiff refers Defendant to documents Bates No. 135-139.

In response to your e-mail, Plaintiff intends to timely respond to Defendant's Second Set of Interrogatories to Plaintiff dated July 29, 2013.

# FRANK & ASSOCIATES, P.C.

We propose the dates of September 23, 2013, for Plaintiff's deposition and September 24, 2013 for Defendant's. Please let me know if these dates are acceptable.

Please contact me if you have any questions.

Very Truly Yours,
Frank & Associates, P.C.

Andrea E. Batres

# Exhibit
# E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANGEL DILONEZ, et al

                **Plaintiffs,**

      **-against-**

FOX LINEN SERVICE, INC. and GEORGE
SUNDEL

                **Defendants.**

------------------------------------------------------------------X

**Index No. CV-13-0845(JS)(GRB)**

**DEFENDANT
FOX LINEN SERVICE, INC.'S
SECOND SET OF
INTERROGATORIES TO
PLAINTIFF**

## DEFENDANT'S SECOND INTERROGATORIES TO PLAINTIFF

Defendant Fox Linen Service, Inc. requests that Plaintiff Angel Dilonez answer under

oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following

Interrogatories.

## INSTRUCTIONS

In answering each Interrogatory:

1.    Identify by date, recipient, location, and custodian each document relied upon or

which forms a basis for the answer given or which corroborates the answer given or the

substance of what is given in answer to these Interrogatories;

2.    State whether the information furnished is within the personal knowledge of the

person answering and, if not, the name, if known, of each person to whom the information is a

matter of personal knowledge; and

3.    Identify each person who assisted or participated in preparing and/or supplying

any of the information given in answer to or relied upon in preparing answers to these

Interrogatories.

4.      If you maintain that any document or record that refers to or relates to anything about which these Interrogatories ask has been destroyed, set forth the contents of said document, the location of any copies of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

5.      If privilege is claimed as a ground for not answering any Interrogatory, or if any Interrogatory is otherwise objected to, describe the legal and/or factual basis for the claim of privilege or other objections to each Interrogatory or Interrogatory part in sufficient detail so as to permit the Court to adjudicate the validity of the claim or objection, and identify all documents which refer or relate to the information requested.

6.      The answer to each Interrogatory shall set forth, in full, the question to which it is responsive, before each answer.  In answering the Interrogatories, please furnish all information available to Plaintiff, however obtained, including hearsay.  Separate answers shall be provided in response to each Interrogatory or subdivision thereof.

7.      If documents are produced pursuant to Rule 33(c) of the Federal Rules of Civil Procedure in lieu of answering, expressly identify the Interrogatory to which they pertain.

8.      If any Interrogatory is not answered in full, please state the reasons for not answering, describe the steps taken to secure the full information, and detail the information the Plaintiff has regarding the unanswered portions.

9.      Unless otherwise stated, the time period for all of these interrogatories shall be from January 1, 2006 to the commencement of trial.

Please take notice that a copy of such answers must be served upon the undersigned within thirty (30) days after the service of these Interrogatories.

## DEFINITION AND EXPLANATION NOTES

A.   The term "documents" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes the original and all nonidentical, written, typewritten, printed, recorded matter and/or electronic data (however produced or reproduced or stored) of every kind and description in the Plaintiffs' actual or constructive possession, custody, care, or control, including, but not limited to, the following: notes; diaries; calendars; records of telephone conversations, including telephone bills and receipts; telephone logs; telex, any data files (including, but not limited to, word processing files, spreadsheet files, emails files), telefax, or any other facsimile electronically transmitted, and any record relating thereto; time records; time sheets; billing records; records of delivery of documents by messenger, courier, parcel service, freight service, or any means other than the United States Postal Service, or the receipt of same; reports; memoranda; letters; assignment sheets; agreements; contracts; accounting or financial records of worksheets; records of financial transactions; tape recordings; transcripts of tape recording, transcripts or notes of conversations or meetings; statements; resolutions; directives; cost projections or analysis; papers filed in court, and legal instruments, including, but not limited to, insurance contracts; books; articles; treatises; all copies of such materials, whether in proposed or final form; all drafts of such documents, even if not used; and all copies of such documents containing additional matters.

B.   As used herein, "you" or "your" means Plaintiff, his present and former agents, and all others acting or purporting to act on their behalf.

3

C.     As used herein, "identify" or "identity" used in reference to any individual person means to state his/her full name and present address, his/her present or last-known job title, and his/her job title at the time in question.

"Identify" or "identity," when used in reference to a communication, means to state the person(s) and document(s) involved, the date, the type of communication (telephone call, letter, conversation, etc.), and the substance of the communication.

"Identify" or "identity," when used in reference to a document, means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), or some other means of identifying it, and its present location or custodian.  If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, the date of disposition, the reason for disposal, and the identity of the document's present custodian.

"Identify" or "identity," when used in reference to a corporation, means to state its full name and the address of its principal office.

D.     Whenever, in answer to these Interrogatories, Plaintiff refers to a conversation or oral statement, answering party shall give the date and place thereof, the identity of the person speaking, the identity of all persons present, and the substance of the conversation or oral statement.

E.     As used herein, the term "person" shall include natural persons, and any legal entity, including, but not limited to, proprietorships, corporations, partnerships, groups, associations, organizations, and governments.

F.     All information requested is for the period from January 1, 2006 to the date answers are submitted, unless otherwise specifically indicated.

4

G. "And" and "or" shall be construed conjunctively and disjunctively.

H. "Communications" include any oral or written exchange of work, thoughts, ideas, or documents to another person by any means.

I. "Describe" means give a complete factual summary, organized chronologically, in which the identity of all persons, communications, and documents is included.

J. "Employee" includes any past or present agent, director, officer, employees, lobbyist, consultant, representative, or other person acting on behalf of a person as defined in Definition "E" above.

K. "Meetings" means any formal or informal face-to-face communications or communication by telephone.

L. "Refer" or "relate" means, in addition to the usual and customary meaning, discuss or discussing, reflect or reflecting, assess or assessing, and record or recording.

M. "Discuss" means, in addition to its usual and customary meaning, any conversation or communication regarding a particular topic.

N. "Family relationship" or "families" include spouse, father, mother, brother, sister, son, daughter, grandfather, grandmother, grandson, granddaughter, brother-in-law, sister-in-law, father-in-law, mother-in-law, daughter-in-law, and son-in-law.

## INTERROGATORIES

Interrogatory No. 1:

Is Plaintiff claiming he was paid wages by any Defendant in cash? If so, identify the date and amount of any cash wage payment provided by any Defendant.

Interrogatory No. 2:

If Plaintiff is alleging any Defendant paid him wages in cash, did Plaintiff pay any taxes on those wages?  If so, set forth the amounts of taxes paid by Plaintiff for each cash wage payment and identify the taxing authority to whom each payment was made.

Dated: Jericho, New York
       July 29, 2013

                            NANESS, CHAIET & NANESS, LLC

                            By: _____
                                 Jeffrey N. Naness (JN5179)
                                 375 North Broadway, Suite 202
                                 Jericho, New York 11753
                                 Phone: (516) 827-4300
                                 *Attorneys for Defendants*

To: Peter A Romero (PR1658)
     Frank & Associates
     500 Bi-County Blvd., 112N
     Farmingdale, NY 11735
     Tel:  (631) 756-0400
     Fax:  (631) 756-0547

# Exhibit
# F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X,
ANGEL DILONEZ, and all others similarly situated,

                       Plaintiff,

   -against-

FOX LINEN SERVICE INC. and GEORGE SUNDEL,

                  Defendants.

-------------------------------------------------------------X

13-CV-0845 (JS)(GRB)

**Plaintiff's Responses and
Objections to Defendants'
Second Set of Interrogatories**

     Plaintiff, Angel Dilonez, on behalf of himself and all others similarly situated, by and through their attorneys, FRANK & ASSOCIATES, P.C., hereby respond to Defendants' Second Set of Interrogatories (the "Interrogatories"), as follows:

## GENERAL STATEMENTS

     By making information available to Defendant in response to Defendant's Interrogatories, Plaintiff does not waive and does not intend to waive, any objections that Plaintiff may have regarding the use of the information and/or documents or of the truth or accuracy of any characterization contained therein.

     Plaintiff expressly reserves: (1) all objections regarding the competency, privilege, relevance, materiality and admissibility of all information and/or documents and information produced and the contents thereof; (2) the right to object to the use of any document(s) and information produced, in whole or in part, or to the subject matter covered thereby in any later stage or proceeding in this litigation or any other proceeding on any or all the grounds set forth herein; (3) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or relating to the subject matter of any document or information produced by Plaintiff; and (4) all objections as to vagueness and ambiguity.  Furthermore, where an Interrogatory seeks to impose on Plaintiff obligations broader than those imposed by the Federal Rules of Civil Procedure (hereinafter "FRCP"), Plaintiff shall respond in conformance with the FRCP.  Privileged documents and information responsive to a particular Interrogatory, if any such information and/or document exist, are not being produced, and will be identified consistent with the FRCP.

     Plaintiff has been assisted in the preparation of responses and objections to Defendants' Interrogatories by counsel.  Accordingly, the word usage and sentence structure of Plaintiffs'

responses and objections may be that of the individual attorney who assisted in their preparation, and no representation is made that these objections and responses contain the precise language of the executing party. Moreover, this information may not be used for purposes of impeachment as privilege has attached. Plaintiffs' responses are based upon information and documents known to Plaintiff and/or Plaintiffs' attorneys as of the date such responses are served. Plaintiff, based on his on-going obligation to seek truth and justice, will continue to search for relevant documents and information, and accordingly, reserves the right to supplement, amend or correct the responses and objections in the event that future discovery reveals documents and/or information that would justify its supplementation, correction and amendment. Should Plaintiff at any time amend or supplement the responses, by agreement or otherwise, Plaintiff reserves the right to assert any available privilege or objection with respect to any information or documents which might otherwise be discoverable in connection with any amendment or supplementation.

## GENERAL OBJECTIONS

Plaintiff submits the following General Objections, which apply to each and every one of Defendant's Interrogatories. For convenience, these General Objections are set forth below and are not necessarily repeated after each Interrogatory. The assertion of the same, similar or additional answers or responses in the specific answers to Defendant's Interrogatories does not waive any of Plaintiffs' General Objections as set forth below:

1. Plaintiff reserves the right to challenge the competency, relevance and admissibility, at trial or any subsequent proceeding, in this or any other action, of any statement made or information provided in response to Defendant's Interrogatories.

2. Plaintiff objects to Defendant's Interrogatories insofar as they seek to impose upon Plaintiff obligations greater than those required by FRCP.

3. Plaintiff objects to Defendant's Interrogatories insofar as they are directed to or made on behalf of entities or persons who are not parties to this litigation.

4. Plaintiff objects to Defendant's Interrogatories insofar as they attempt to elicit protected documents or information subject to the attorney-client privilege; the work product doctrine; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Plaintiff or his attorneys; or seek materials prepared in anticipation of litigation. Plaintiff asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law or applicable rules and future Orders by the Court herein.

5. Plaintiff objects to Defendant's Interrogatories to the extent they seek documents or information not within the possession, custody or control of Plaintiff.

6. Plaintiff objects to Defendant's Interrogatories insofar as they seek documents or information, which is within Defendant's exclusive custody, control and possession, or to which Defendant has equal access.

7.     Plaintiff objects to Defendant's Interrogatories insofar as they are vague, ambiguous, overbroad, unduly burdensome, oppressive or vexatious and seek documents and/or information outside the scope of permissible discovery pursuant to the FRCP.

8.     Plaintiff objects to Defendant's Interrogatories to the extent they are unlimited in time or otherwise not limited to a time frame relevant to this litigation on the grounds that each such Interrogatory seeks information and/or documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead the discovery of admissible evidence.  Plaintiff further objects to each such Interrogatory as overbroad and unduly burdensome.

9.     Plaintiff objects to Defendant's Interrogatories insofar as they seek the disclosure of confidential and/or proprietary information, documents or responses.

10.    Plaintiff has based his objections and responses to these Interrogatories on information currently available to Plaintiff, and reserves the right to amend objections and responses to include information and documents which may be obtained through ongoing discovery and investigation, in accordance with the FRCP.

11.    The foregoing General Objections are incorporated by reference within each of the following responses and objections.  Responses to specific Interrogatories are made subject to and without waiving these General Objections, whether or not specifically reiterated in the responses themselves.

12.    Plaintiff reserves the right to supplement, amend or correct his responses in the event of the development or availability of additional, responsive, non-privileged information to the extent such supplementation, correction or amendment is warranted, pursuant to the FRCP.

## DEFINITIONS

1.     As used herein, objections containing the phrase "seeks the discovery of irrelevant information or documents" or words to that effect means that the Interrogatory seeks information or documents (1) having no tendency to make the existence of any fact or consequences to the determination of the instant case more or less probable than it would be without such information or documents; and (2) which do not appear to be reasonably calculated to lead to the discovery of admissible evidence.

2.     As used herein, "unduly burdensome" means that the Interrogatory requires a search for documents which are of little or no benefit to this action in that the value of their production is far outweighed by the burden of producing them, especially where Defendant can obtain the information or documents from other sources.

3.     As used herein, "overbroad" means that the Interrogatory requires production, at least in part, of information and/or documents which are irrelevant to the instant litigation in subject matter or time period or both.

4.    As used herein, "vague" means that Plaintiff is unable to ascertain with certainty what information or documents are being requested.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**
Is Plaintiff claiming he was paid wages by any Defendant in cash? If so, identify the date and amount of any cash wage payment provided by any Defendant.

**Response to Interrogatory No. 1:**
Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad and unduly burdensome.  Subject to, and without waiving the foregoing general and specific objections, Defendant paid Plaintiff by check and wholly or partially in cash.

**Interrogatory No. 2:**
If Plaintiff is alleging ay Defendant paid him wages in cash, did Plaintiff pay any taxes on those wages? If so, set forth the amounts of taxes paid by Plaintiff for each cash wage payment and identify the taxing authority to whom each payment was made.

**Response to Interrogatory No. 2:**
Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Defendant's Interrogatories insofar as they seek the disclosure of confidential and/or proprietary information, documents or responses.

Dated: Farmingdale, New York
         September 26, 2013

                                        Respectfully submitted,

                                        **FRANK & ASSOCIATES, P.C.**
                                        *Attorneys for Plaintiff*

                                        By: _____
                                            Andrea E. Batres, Esq.
                                        500 Bi-County Blvd., Suite 112N
                                        Farmingdale, New York 11735
                                        Tel: (631) 756-0400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

ANGEL DILONEZ, and all other non-exempt
similarly situated employees,

                                        Case No.: 13-CV-0845

                        Plaintiff,

        -against-                       **VERIFICATION**

FOX LINEN SERVICE INC. and GEORGE SUNDEL,

                        Defendants.
--------------------------------------------------------------------X

**STATE OF NEW YORK**  )
                       )  **ss.:**
**COUNTY OF SUFFOLK**  )


        Angel Dilonez, duly sworn, deposes and says:

        I am the Plaintiff in the within action.  I have read PLAINTIFF'S RESPONSES AND
OBJECTIONS TO DEFENDANTS' SECOND DEMAND FOR WRITTEN
INTERROGATORIES and know the contents thereof and the same are true to my knowledge
except those matters therein stated to be alleged on information and belief and as to those
matters, I believe them to be true.

                                        _____
                                                ANGEL DILONEZ

Sworn to before me this
_26th_ day of September, 2013

_____
      Notary Public

                        Edward Lee Sample, II.
                        Notary Public - State of New York
                        No. 02SA6242494
                        Qualified in Suffolk County
                        My Commission Expires May 31, 2015

## AFFIRMATION OF SERVICE

UNITED STATES DISTRICT COURT    )
                                   )

EASTERN DISTRICT OF NEW YORK    )

      Andrea E. Batres, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

      I am an Associate with the law firm of **FRANK & ASSOCIATES, P.C.**, attorneys for Plaintiff herein.

      On September 30, 2013, I served a true copy of Plaintiff's Responses and Objections to Defendants's Second Demand for Written Interrogatories by mailing same in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, addressed to Defendants' Attorneys, as indicated below:

Mr. Jeffrey Naness

Naness, Chaiet & Naness, LLC

Attorneys for Defendants

375 North Broadway, Suite 202

Jericho, New York 11753

Andrea E. Batres, Esq.

# Exhibit G

# Naness, Chaiet & Naness, LLC

Attorneys at Law
375 North Broadway, Suite 202
Jericho, New York 11753
Telephone: (516) 827-4300
Facsimile: (516) 827-0202

Richard M. Naness
Clifford P. Chaiet
Jeffrey N. Naness*
W. Matthew Groh**

*Also admitted FL and NJ
**Also admitted in CT

December 6, 2013

Peter A. Romero, Esq.
Frank & Associated, P.C.
500 Bi-County Boulevard
Suite 112N
Farmingdale, NY 11735

Re:   *Dilonez v. Fox Linen Service, Inc. and George Sundel*
      Case No. 13-CV-0845

Dear Mr. Romero:

I am writing to make a good faith effort to resolve a discovery dispute pursuant to Magistrate Judge Brown's Individuals Practice Rules, Local Civil Rule 26.4 and FRCP 37(a)(1).

As you know, in Defendants' First Request for Documents, dated June 14, 2013, it made the following request:

Request No. 2:

Plaintiff's federal, state and local tax return with all schedules and attachments, including W-2s and 1099s from all sources, for each calendar year from 2006 through 2012, and for calendar year 2012 if already filed and if not yet filed, this is a continuing request for 2012 tax returns.

Plaintiff refused to provide his tax returns (instead only providing selected W-2 statements) based on the assertion that the request sought "confidential and/or proprietary information, documents or responses." (See Plaintiff's Responses and Objections to Defendants' First Request for Production of Documents", dated July 29, 2013). Plaintiff did not specify the nature of the "confidential and/or proprietary information".

# NANESS, CHAIET & NANESS, LLC

In response to Plaintiff's refusal to provide Plaintiff's tax records, this office sent your office a letter, dated August 8, 2013, which stated:

> to the extent Plaintiff is claiming the he received payments from Defendant separate from regular payroll, these payments should be reflected in Plaintiff's tax returns. Plaintiff does not offer any support for the claim that these filed tax returns contain proprietary information [and] that they are not subject to disclosure (if specific irrelevant information needs to be redacted, Defendant would consider that). Defendant, therefore, reiterates its demand that Plaintiff provide the requested returns.

Plaintiff responded with a letter dated August 22, 2013, wherein it reiterated its refusal to provide Plaintiff's tax forms and provide additional W-2 statements, which had not been included in the July 29th response.

Plaintiffs also refused to provide responses to Defendant Fox Linen Service, Inc's Second Set Of Interrogatories, dated July 29, 2013, which made the following inquiry:

Interrogatory No. 2:

> If Plaintiff is alleging any Defendant paid him wages in cash, did Plaintiff pay any taxes on those wages? If so, set forth the amounts of taxes paid by Plaintiff for each cash wage payment and identify the taxing authority to whom each payment was made.

Rather than providing a substantive response to the above interrogatory, Plaintiff responded, via it Responses and Objections to Defendants' Second Set of Interrogatories, dated September 26, 2013, as follows:

Response to Interrogatory No. 2:
> Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad and unduly burdensome, Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Defendant's Interrogatories insofar as they seek the disclosure of confidential and/or proprietary information documents or responses.

I am writing to make a good faith effort to resolve this dispute. As you know, Plaintiff claims he was paid an hourly rate for overtime work in cash. He is claims that this cash payment did not include owed overtime. Defendant denies these claims and asserts that Plaintiff did not work over 40 hours in a workweek and he was properly paid via his paycheck for all hours worked.

# Naness, Chaiet & Naness, LLC

If Plaintiff was paid in cash beyond the amounts set forth in Defendant's payroll records (which were already provided to Plaintiff), these claimed cash payments should be reflected in Plaintiff's tax returns. Of course, this would buttress Plaintiff's claim. On the other hand, if the payments are not reflected in Plaintiff's tax returns, this would undermine Plaintiff's claim.

As you can see, Plaintiff's tax returns are directly probative of Plaintiff's central claim in this case: that he was paid cash on a straight-time hourly rate for overtime hours.

In an effort to resolve this matter, Defendant is willing to explore redacting non-relevant confidential information contained in Plaintiff's return. Please contact the undersigned sometime next week to discuss. If we are unable to resolve this matter, Defendant will have not other choice but to seek court intervention.

In addition to the above, I am following up on other discovery requests that are outstanding. As you know, many of Defendants' documents requests and interrogatories related to employees other than Angel Dilonez. This is particularly true with regard to Defendants' Second Request for the Production of Documents, dated September 26, 2013, and Defendant Fox Linen's Third Set of Interrogatories, dated September 26, 2013. As you know, these requests therein are continuing, when new responsive information is obtained, Plaintiff's responses should be supplemented.

As Aura Bueno, Carlos Dilone,, and Norberto Bueno have filed consents to retain your firm and join the action as opt-in plaintiffs, we expect that there are substantial additional documents as well interrogatory responses, which had not previously been provided, that should be provided to Defendants. Kindly provide these documents/responses.

In addition, I am enclosing Defendants' First Request for The Production of Documents to All Opt-In Plaintiffs, as well as Defendant Fox Linen's First Set Of Interrogatories to Opt-In Plaintiff Aura Bueno, Defendant Fox Linen's First Set Of Interrogatories to Opt-In Plaintiff Carlos Dilone and Defendant Fox Linen's First Set Of Interrogatories to Opt-In Plaintiff Norberto Bueno. Kindly respond to same.

Enclosed also please find Defendants' Notices of Deposition to Opt-In Plaintiffs Aura Bueno, Carlos A. Dilone, and Norberto Bueno.

Thank you for your courtesy and consideration in connection with this matter.

Very truly yours,

Jeffrey N. Naness