```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                            :
ANGEL DILONEZ, and all other non-                           :
exempt employees similarly situated,                        :
                                                            :
                            PLAINTIFF,                      :     CV-13-0845 (JS)(GRB)
                                                            :
        -against-                                           :
                                                            :
FOX LINEN SERVICE, INC. AND                                 :
GEORGE SUNDEL                                               :
                            DEFENDANTS                      :
-----------------------------------------------------------X
```

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE JUNE 3, 2014 ORDER OF THE MAGISTRATE JUDGE

Jeffrey N. Naness (JN5179)
Naness, Chaiet & Naness, LLC
Attorneys for Defendants
375 North Broadway, Suite 202
Jericho, New York 11753
j.naness@verizon.net
(516) 827-4300
(516) 827-0202

# TABLE OF CONTENTS

| | Page(s) |
|---|---|
| **TABLE OF AUTHORITIES** | ii - iii |
| **I. PRELIMINARY STATEMENT** | 1 - 2 |
| **II. BACKGROUND** | 2 – 3 |
| **III. STANDARD OF REVIEW** | 4 |
| **IV. ARGUMENT** | 4 - 9 |
|     A. Magistrate Brown's Order Regarding Plaintiffs' Authorization To Work In The U.S. Should Not be Overruled | 4 – 6 |
|     B. Magistrate Brown's Order Regarding Bank Records Should Not be Overruled | 6 – 8 |
|     C. Magistrate Brown's Order Regarding Conviction and Arrest Records Should Not Be Overruled | 8 – 9 |
| **V. CONCLUSION** | 10 |

# **TABLE OF AUTHORITIES**

| **Case(s)** | **Page(s)** |
|---|---|
| Bermudez v. Karoline's Int'l Rest. Bakery Corp., ___ F. Supp.2d ___, 2013 WL 6146083 (E.D.N.Y. 2013) | 1, 5 |
| Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952 (6th Cir. 1985) | 4 |
| Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986) | 4 |
| Citicorp v. Interbank Card Ass'n, 478 F .Supp. 756 (S.D.N.Y.1979) | 4 |
| City of New York v. A-1 Jewelry & Pawn, Inc.,___ F. Supp.2d___, 2007 WL 914290 (E.D.N.Y. 2007) | 4 |
| Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372 (S.D.N.Y.1989) | 4 |
| Haines v. Liggett Group Inc., 975 F.2d 81 (3rd Cir. 1992) | 4 |
| Hoffman Plastic Compounds, Inc., v. NLRB, 535 U.S. 137 (2002) | 5 |
| Litton v. Lehman Brothers Kuhn Loeb, Inc., 124 F.R.D. 75 (S.D.N.Y.1989) | 4 |
| Nelson v. New York, _____ F. Supp.2d. ___, 2013 WL 796276, (S.D.N.Y. 2013) | 8 |
| Palma v. N.L.R.B., 723 F.3d 176 (2d Cir. 2013) | 1, 5 |
| Rivers v. New York City Housing Authority, ___ F.Supp.2d ____, 2014 WL 1311557 (E.D.N.Y., 2014) | 8, 9 |

| **Statutes and Other Authorities** | **Page(s)** |
| --- | --- |
| 28 U.S.C. § 636(b)(1)(A) (1982) | 4 |
| Fair Labor Standards Act | 6 |
| Federal Rule of Civil Procedure 26 | 2, 7, 9 |
| Fed.R.Civ.P. 72(a) | 4 |
| Federal Rule of Evidence 609 | 9 |
| National Labor Relations Act | 5, 6 |
| New York Labor Law, Article 19 | 1, 5 |
| New York State Labor Law §195 | 1, 5, 6 |

I. **PRELIMINARY STATEMENT**

Defendants, by and through their attorneys, Naness, Chaiet & Naness, LLC, respectfully submit this Memorandum In Opposition to Plaintiff's Objections to the June 3, 2014 Order of the Magistrate Judge wherein Plaintiff objects to Magistrate Judge Brown's Order that Plaintiffs/Opt-ins (hereinafter referred to collectively as "Plaintiffs"): (1) produce documents relating to whether they were authorized to work in the United States during the period of their employment with Defendants (2) produce bank records covering the time period they were employed by Defendants and (3) respond to Defendants' interrogatory request regarding Plaintiffs' records of arrests and/or convictions.

As discussed more fully below, discovery into Plaintiffs' authorization to work in the U.S. should be discoverable for the reasons set forth by Magistrate Judge Brown in Bermudez v. Karoline's Int'l Rest. Bakery Corp., ___ F. Supp.2d ___, 2013 WL 6146083 (E.D.N.Y. 2013). Defendants further emphasizes that Plaintiffs herein are not only claiming unpaid overtime. They are also seeking liquidated damages and interest pursuant to New York Labor Law, Article 19, §§650 et seq. and damages pursuant to New York State Labor Law §195. (See Plaintiff's Complaint (end section entitled "Prayer for Relief"), dated February 11, 2013, attached as Exhibit "A" to the Affirmation of Jeffrey Naness, dated June 23, 2014 (hereinafter "Naness Aff.") At this time the full repercussions of the Court of Appeals for the Second Circuit's Decision in Palma v. N.L.R.B., 723 F.3d 176 (2d Cir. 2013) is not entirely clear. As it is not settled whether Plaintiffs would be entitled to the relief they seek (including penalties and liquidated damages) if they were not authorized to work in the U.S. during the time they worked for Defendants, the prudent course of action at this point is to permit Defendants discovery on these issues in accord with Magistrate Brown's June 3, 2014 Order.

1

With regard to the requested bank records, these documents are directly probative to Plaintiffs' allegation that they were paid straight time cash wages beyond the amounts set forth in Plaintiffs payroll records (and the time sheets signed by Plaintiffs). If Plaintiffs' bank records indicate deposits of these claimed cash payments, they may argue this would corroborate their account. In contrast, if Plaintiffs' bank deposits do not reveal these deposits, this would undermine Plaintiffs' claim. Accordingly, this discovery is appropriate under Federal Rule of Civil Procedure 26. To the extent the records contain confidential information, Defendants would agree to reasonable measures to ensure the confidentiality of such information.

Plaintiffs also object to the disclosure of arrest and conviction records. Inquiries into a party's history of arrests and convictions is appropriate and, indeed, standard and commonplace in litigation. Plaintiff confuses the standard for *admissibility* of evidence at trial with the broader standard applied to *discovery*. Federal Rule of Civil Procedure 26(b)(1)(discoverable information "need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence") In this case, it is clear that Magistrate Judge Brown did not abuse his discretion in ordering that Plaintiffs disclose their histories of arrests and convictions in response to Defendants' interrogatories.

## II. BACKGROUND

The central claim in this action is that Defendants failed to pay Plaintiff (and other employees) overtime to which they are owed. Plaintiff alleges that he was paid straight time in cash for hours worked over thirty-five or forty. Defendants dispute this claim and asserts that Plaintiffs were paid via payroll check for all hours worked, and they did not work over 40 hours in a workweek.

In addition to claiming owed overtime, Plaintiff's Complaint seeks penalties, liquidated damages, interest an attorneys fees. (See Complaint, Naness Aff., Ex. "A", "Prayer for Relief"). Thus, it is clear, Plaintiffs are seeking relief far beyond claimed payment of wages for hours allegedly worked.

During discovery Defendants have provided over 2500 pages of documents responsive to Plaintiff's request, including tax records, payroll records reflecting hours worked, and weekly time sheets signed by each plaintiff/opt-in covering substantially all the relevant time period they worked for Defendants.[1]

Unfortunately, Plaintiffs have resisted reasonable discovery sought by Defendants, even where Magistrate Judge Brown has expressly ordered such disclosure.

Via a letter motion, dated May 6, 2014, Defendants moved to compel Plaintiffs to produce certain documents and interrogatory responses they previously declined to provide. (Defendants' letter motion, dated May 6, 2014, along with Exhibit "A" through "G" containing Defendants discovery requests and Plaintiffs' responses, is attached hereto as Exhibit "C".) After the matter was briefed, Magistrate Brown granted in part and denied in part Defendants' requests for documents/interrogatory responses. (See Magistrate Brown's Order, dated June 3, 2014, attach as Exhibit "D" to the Naness Affirmation).

Plaintiffs have now objected to Magistrate Judge Brown's Order to provide records regarding immigration status, bank records, and prior convictions/arrest. For the reason set forth below, Defendants respectfully assert that Magistrate Brown did not abuse his discretion in ordering the disclosure of the requested documents/information.

---

[1] Unfortunately most of the time cards covering the relevant time period were destroyed in flooding from Super Storm Sandy. See Ex. "B" to Naness Aff. It is respectfully submitted, the payroll records (already provided to Plaintiff) were based on the same information contained in the lost time cards and the weekly time sheets signed off by Plaintiffs (also provided to Plaintiff).

3

III. **STANDARD OF REVIEW**

Determinations of a magistrate judge on discovery issues are entitled to substantial deference and should only be overruled if abused:

> "A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference," Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372,373 (S.D.N.Y.1989), and should not be disturbed by a District Court in the absence of a finding that the magistrate's determination was "clearly erroneous or contrary to law." See Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952 (6th Cir. 1985); Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986); Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A) (1982). "[I]n reviewing discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused." Litton v. Lehman Brothers Kuhn Loeb, Inc., 124 F.R.D. 75, 77 (S.D.N.Y.1989) (quoting Citicorp v. Interbank Card Ass'n, 478 F .Supp. 756, 765 (S.D.N.Y.1979)); see also Haines v. Liggett Group Inc., 975 F.2d 81 (3rd Cir. 1992).

City of New York v. A-1 Jewelry & Pawn, Inc., __ F. Supp.2d __, 2007 WL 914290, at *1 (E.D.N.Y. 2007)(Weinstein, Sr. District Judge).

IV. **ARGUMENT**

    A. Magistrate Brown's Order Regarding Plaintiffs'
       Authorization To Work In The U.S. Should Not be Overruled

In Defendants' First Request for the Production of Documents to All Opt-in Plaintiffs, dated December 6, 2013, Defendants made the following requests (responses should cover the period six years prior to the date the Complaint was filed):

> Request No. 31: Documents sufficient to determine whether Plaintiffs were authorized to work in the United States, including, but not limited to Social Security Cards, Temporary and/or Permanent Resident Cards.

(Naness Aff., Ex. "C", attached thereto as Ex. "D", Request No. 31),

After the matter was briefed, Magistrate Brown granted this request, with limitations, via Order dated June 3, 2014:

4

> Furthermore, the application for documents related to whether plaintiffs were authorized to work in the United Stated is GRANTED. Plaintiffs shall produce the subject documents pursuant this Court's order in Bermudez v. Karoline's Int'l Restaurant Bakery Corp., 12-CV-62452013 WL 6146083 (E.D.N.Y. November 21, 2013). Plaintiffs may avoid such disclosure if they stipulate that plaintiffs will not claim to have documented work status in the United States.

(Naness Aff., Ex. "D").

In the Bermudez decision, Magistrate Judge Brown set forth a substantial and persuasive explanation why the information requested herein should be discoverable at this stage in the litigation. As Magistrate Brown stated in Bermudez:

> [I]n Palma v. NLRB, 723 F.3d 176 (2d Cir.2013), the Second Circuit determined that the Supreme Court's decision in Hoffman Plastic Compounds, Inc., v. NLRB, 535 U.S. 137 (2002)—which prohibited recovery of backpay awards under the National Labor Relations Act ("NLRA") by undocumented workers who had submitted fraudulent immigration documents to obtain employment—is "equally applicable to aliens who did not gain their jobs through such fraud but who are simply present in the United States unlawfully."

Bermudez, at *1 (quoting Palma, at 183).

Defendants respectfully refer your honor to Magistrate Brown's decision. The crux of the matter is that this is an area of the law that is currently not fully settled and "failure to permit such discovery may prevent defendants from raising the applicability of Palma and create an issue that would effectively evade review." Bermudez, at *4.

Defendants note that the unsettled nature of this issue, and the need to allow discovery, is even more heightened here as Plaintiffs are not merely claiming owed overtime pay. Rather, Plaintiff's Complaint seeks other relief, including liquidated damages and interest pursuant to New York Labor Law, Article 19, §§650 et seq., damages pursuant to New York State Labor

Law §195, as well as attorney fees and costs. (See Complaint at Exhibit "A" to Naness Aff., end section entitled "Prayer for Relief").

In Plaintiff's Objections, they make the following argument:

> While back pay awards under the NLRA seek to make plaintiffs whole by compensating them for time they would have worked if not for an unlawful termination, "multiple courts have concluded that back pay awards under the FLSA stand on starkly different footing. . . . In FLSA cases, plaintiffs have *already* worked the time for which they claim overtime or other unpaid wages. The overwhelming majority of courts have recognized this critical distinction . . . . .

Plaintiff's Objection And Incorporated Memorandum Of Law Regarding The June 3, 2014 Order Of The Magistrate Judge, dated June 12, 2014, p. 3-4 (hereinafter "Plaintiff's Objections" (citations omitted)(emphasis in original).

Even if Plaintiffs argument had merit as to statutory overtime, it would not apply to Plaintiffs claims for liquidated damages under the FLSA and the New York Labor Law (or interest or attorney fees). Plaintiff cannot claim to have already earned such liquidated damages/penalties (or 9% interest or attorney fees).

At a minimum, this area of law is unsettled. If Defendants are barred from obtaining discovery on this issue now, they may be prejudiced in defending this case. In no event can Magistrate Brown's Order on this issue be considered an abuse of discretion. Accordingly, Defendants respectfully assert this Objection should be denied.

B. Magistrate Brown's Order Regarding
   Bank Records Should Not be Overruled

In Defendants' Third Request for the Production of Documents To All Plaintiff's And Opt-In Plaintiffs, Defendants made the following request (going back up to 6 years from date of filing Plaintiff's Complaint):

6

Request No. 1

Bank statements from Plaintiffs and all Opt-in Plaintiffs covering the full time period each Plaintiff and Opt-in was employed at Fox Linen Service, Inc.

(Ex. "C" to Naness Aff., Ex. "B" thereto). By way of his June 3, 2014 Order, Magistrate Brown granted Defendants' request. (Naness Aff., Ex. "D").

As discussed above, Plaintiffs are alleging they were paid straight time cash for working overtime hours. Defendants are asserting Plaintiffs did not work overtime hours and they were paid for all hours worked in accordance with the Employer's payroll records (and the time sheet signed by Plaintiffs). Accordingly, if Plaintiff's bank records show deposits equal to the amount in their payroll records plus and additional amount equal to their claimed cash straight time, they may argue that this supports their theory. In contrast, if Plaintiffs deposits do not show claimed cash payments, this would undermine Plaintiff's claim. Plaintiffs cannot seriously argue that Defendants' request for bank is not reasonably calculated to lead to the discovery of admissible evidence.

In apparent acknowledgment that the requested bank records are discoverable under the Fed. Rule Civ. Pro. 26, Plaintiffs instead claim that their bank statement may contain "sensitive information that has no bearings on the claims or defenses in this case.[2] It is respectfully submitted that this vague concern about sensitive information is insufficient grounds to overrule Magistrate Brown's Order to disclose bank records. Had Plaintiffs' raised a specific are of concern regarding "sensitive information" Defendants would have considered this concern; but

---

[2] Pursuant to Plaintiffs' request, Defendants have provided Plaintiffs with substantial tax, payroll and other sensitive documents. Defendants' question the notion that Plaintiffs can start a lawsuit against Defendants, demand extensive discovery regarding proprietary information, and then assert they should be immune from discovery of potentially probative documents based on a vague claim of "sensitive information".

7

no specific issue was raised. Rather, Plaintiffs appears to be using this vague concern about sensitive information to avoid disclosing potentially relevant documents.[3]

It is respectfully submitted that Magistrate Brown manifestly did not abuse his discretion in ordering that Plaintiffs produce bank statements covering the time period of their employment with Defendants back to six years from the date they Complaint herein was filed.

### C. Magistrate Brown's Order Regarding Conviction and Arrest Records Should Not Be Overruled

In Plaintiffs' response to Defendants' First Set of Interrogatories to Opt-In Plaintiff Aura Bueno, First Set of Interrogatories to Opt-In Plaintiff Carlos Dilone, and First Set of Interrogatories to Opt-In Plaintiff Noberto Bueno, Plaintiffs refused to answer the following interrogatory (covered period sought is 6 years before date of Complaint to date):

> Interrogatory No. 13: Have you ever been arrested or convicted of a crime? If so, set forth the nature of the alleged crime, a summary of the facts, the disposition, all associated charge and case numbers, the jurisdiction and court.

(Ex. "C" to Naness Aff., Ex. "E" thereto). By way of his June 3, 2014 Order, Magistrate Brown granted this request. (Naness Aff., Ex. "D").[4]

It is respectfully submitted that deposition/interrogatory requests regarding records of arrests and convictions is commonplace. Indeed, is it well settled that adult arrest and conviction records are matters of public records, which are not subject to any confidentiality status. See, e.g., Nelson v. New York, ___ F. Supp.2d ___, 2013 WL 796276, 1 (S.D.N.Y.,2013)("Adult convictions are matters of public record; I am not aware of any principle of law (and respondent cites none) that affords a convicted individual a right to keep the conviction secret"); Rivers v.

---

[3] Defendants would not object to Plaintiffs redacting account numbers on their bank statements.

[4] As reflected in June 3rd Order, Magistrate Judge Brown granted some of Defendants' requests, while denying others.

New York City Housing Authority, ___ F.Supp.2d ____, 2014 WL 1311557, at *7, n3. (E.D.N.Y.,2014)(arrest records was non-confidential public record).

Of course, information disclosed during discovery may not always be admissible at trial. Indeed, all the authorities cited by Plaintiffs deal with the *admissibility* at trial, rather than whether the information is *discoverable*. It is well settled that information may be discoverable notwithstanding that it may not be admissible at trial, as long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. Rule Civ. Pro. 26(b)(1).

Plaintiffs do not dispute that Plaintiffs' record of convictions that fall within Federal Rule of Evidence 609 are discoverable (See Plaintiff's Objections at p. 7). As the determination of whether a particular crime is admissible at trial is subject to some judgment and discretion, and standards for discovery is broader than the standard of admissibility, Plaintiffs can not seriously dispute that *all* convictions should be disclosed.

Moreover, just as convictions may reasonably lead to the discovery of admissible evidence, so to may Plaintiff's history of arrests. Plaintiff's arrest record might reveal a pattern of false claims, dishonesty, absences from work, and other potentially relevant admissible evidence. Moreover, there is no basis to allege that disclosing this information in response to Defendant's interrogatories would unduly burden Plaintiffs.

It is respectfully submitted that Magistrate Brown's did not abuse his discretion in determining that Plaintiffs should disclose their convictions and arrests in response to Defendants interrogatories.

9

## V. CONCLUSION

For the reasons set forth above, Magistrate Judge Brown's June 3, 2014 Order should not be overturned.

Dated: Jericho, New York
       June 23, 2014.

                                                                               Jeffrey N. Naness, Esq.